UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-8722-DMG (BFMx)** | Date | August 19, 2026 |
| Title | ***Cleonice Tonet v. Macys Retail Holdings, LLC*** | Page | **1 of 2** |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 6, 2026, Defendant Macy's Retail Holdings, LLC removed this action from the Los Angeles County Superior Court on the basis of diversity jurisdiction under 28 U.S.C. section 1332(a). *See* Notice of Removal ("NOR") [Doc. # 1].

Under 28 U.S.C. section 1332(a)(1), the Court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). In a case that has been removed from state court, "the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). The removal statute, 28 U.S.C. section 1441(a), is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

First, it appears that Defendant attached its Cross-Complaint against Roes 1 through 20, inclusive, as Exhibit A to the NOR, rather than the Complaint filed by Plaintiff Cleonice Tonet on July 2, 2026. *See* NOR at ¶¶ 2–4, Ex. A. Second, Defendant has not adequately alleged Plaintiff's citizenship to allow the Court to meaningfully ascertain whether complete diversity exists in this action. *See* NOR at ¶ 7 ("Defendant is informed and believes, and on that basis alleges, that Plaintiff is a citizen of a state other than the states in which Defendants are citizens. Accordingly, Plaintiff is a citizen of a state different from Defendants."). Lastly, Defendant has not adequately alleged that the amount in controversy exceeds $75,000. Defendant cursorily states it has a "good-faith basis" to allege that the amount in controversy exceeds $75,000 because "Plaintiff alleges that she sustained serious bodily injuries and seeks recovery for past and future medical expenses,

lost wages, loss of earning capacity, general damages for pain and suffering, and other compensatory damages arising from the alleged incident." NOR at ¶ 10. Defendant has provided insufficient facts for the Court to determine by a preponderance of the evidence that the action satisfies the $75,000 threshold. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (concluding that the district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" (citation omitted)).

Defendant is hereby **ORDERED TO SHOW CAUSE** in writing, no later than **September 4, 2026** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.

**IT IS SO ORDERED.**