UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-8722-DMG (BFMx)** | Date | September 8, 2026 |
| Title | ***Cleonice Tonet v. Macys Retail Holdings, LLC*** | Page | **1 of 2** |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION [8]**

On August 19, 2026, the Court ordered Defendant Macy's Retail Holdings, LLC to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. [Doc. # 8 ("OSC").] On September 4, 2026, Defendant filed a response to the OSC. [Doc. # 9 ("OSC Response").] The Court finds Defendant has failed to carry its burden to prove, by a preponderance of the evidence, that removal is proper for the reasons stated below.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff or court questions the amount in controversy, however, the defendant must come forward with evidence to satisfy its burden by a preponderance of the evidence. *Id.* at 88; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (applying a preponderance of the evidence standard where it is unclear or ambiguous from the face of the complaint whether the requisite amount in controversy is met). Courts may raise questions of subject matter jurisdiction *sua sponte*. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). Courts may consider facts in the removal petition and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted). If a court lacks subject matter jurisdiction, it must dismiss the action or remand. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In the OSC, the Court identified two issues: (1) Defendant failed to adequately allege Plaintiff's citizenship and (2) Defendant failed to adequately allege that the amount in controversy

exceeds $75,000. *See id.* at 1–2.[1] The Court informed Defendant that it "provided insufficient *facts* for the Court to determine by a preponderance of the evidence that the action satisfies the $75,000 threshold" and cited *Singer*, 116 F.3d at 377, requiring Defendant to submit summary-judgment-type evidence to satisfy its burden. OSC at 2 (emphasis added). Additionally, the Court warned that "[f]ailure to timely file a satisfactory response . . . will result in the remand of this action." *Id.*

Defendant has failed to file a satisfactory response. In its OSC Response, Defendant merely repeats a sentence identical to the one that the Court found to be insufficient in its notice of removal: "Plaintiff alleges that she has sustained serious bodily injuries and seeks recovery for past and future medical expenses, lost wages, loss of earning capacity, general damages for pain and suffering, and other compensatory damages arising from the alleged incident. These alleged damages easily and foreseeably amount to greater than $75,000." OSC Response at 2. Defendant did not attach or discuss any type of evidence to support its conclusory allegation. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("[A] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum."). Defendant also failed to respond to the Court's concern about complete diversity. *See generally* OSC Response.

In light of Defendant's deficient response to the OSC, the Court hereby **REMANDS** this action to the Superior Court of California, County of Los Angeles for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.